IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-627-BO

| KELSEY BATTLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNDER ARMOUR, INC., | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant Under Armour's motion to stay or alternatively to dismiss without prejudice pursuant to the first-to-file rule. Plaintiff Kelsey Battle has responded, Under Armour has replied, and a hearing was held on the motion on April 18, 2018, at Raleigh, North Carolina. In this posture, the motion is ripe for ruling and, for the reasons discussed below, Under Armour's motion is denied.

## BACKGROUND

Plaintiff (Battle or plaintiff) filed this action On December 20, 2017, against Under Armour alleging claims for trademark infringement under Section 32(1) of the Lanham Act; trademark infringement, false designation of origin, passing off, and unfair competition under Section 43(a) of the Lanham Act; and unfair competition under N.C. Gen. Stat. § 75-1.1(a). Battle is a North Carolina resident and business owner and has held a federally registered trademark in the term "ICAN" for use on apparel since 2006. In 2015, Under Armour launched a line of apparel featuring the phrase "I can do all things" and "I can. I will." which is associated with professional basketball player Steph Curry. In January 2017, Battle sent Under Armour a letter requesting that it cease and desist from advertising, distributing, and selling products using the ICAN mark. While settlement discussions were ongoing, Under Armour on November 1, 2017, filed suit in the United

States District Court for the District of Maryland seeking a declaratory judgment of non-infringement of Battle's ICAN trademark.

By order entered March 6, 2018, the District of Maryland, Bennett, J. presiding, denied Battle's motion to dismiss the Maryland action for lack of jurisdiction. [DE 23-1]. The District of Maryland court found that the court had personal jurisdiction over Battle and his company, who are both defendants in the Maryland action, and that it would not exercise its discretion under the Declaratory Judgment Act to decline to hear the case as it did not find that Under Armour engaged in forum shopping by filing an anticipatory suit. In light of the District of Maryland's holding, Battle filed a notice stating he does not object to a stay of this matter without prejudice to either party's right to request a lift of the stay at the appropriate time. [DE 23-1]. Under Armour noted in reply to its motion that dismissal of this action would be appropriate in light of the Maryland court's ruling. [DE 24].

DISCUSSION

This circuit has recognized the first-to-file or first-filed rule, *see Learning Network, Inc. v. Discovery Comm., Inc.*, 11 F.App' x 297, 300 (4th Cir. 2001); *Nutrition & Fitness*, 264 F.Supp. 2d at 360, which provides a presumption of priority in parallel litigation in the venue where jurisdiction is first established. *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). The "first suit should have priority, absent the showing of balance of convenience in favor of the second action." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 595 (4th Cir. 2004) (citation omitted). Even if the first-filed rule is found to apply, application of the rule is discretionary. *Nutrition & Fitness*, 264 F. Supp. 2d at 361; *see also CACI Int'l, Inc. v. Pentagen Techs. Intl, Ltd.*, 70 F.3d 111 (4th Cir. 1995) (pendency of prior suit involving same issues does not require dismissal of second suit).

While the first-filed rule is applicable in this case, as the Maryland and North Carolina actions share the same parties and issues and the Maryland action was filed fist, the Court has determined that the balance of convenience tips against application of the first-filed rule in this instance. Determining where the balance of convenience falls generally involves consideration of those factors which are considered in deciding a motion to transfer venue under 28 U.S.C. § 1404(a). *US Airways, Inc. v. US Airline Pilots Ass'n*, No. 3:11-CV-371-RJC-DCK, 2011 WL 3627698, at *3 (W.D.N.C. Aug. 17, 2011) (quoting *Employers Ins. of Wasau v. Fox Ent't Group, Inc.*, 522 F.3d 271, 275 (2d Cir.2008)). These factors include the plaintiff's choice of forum, residence of the parties, access to evidence, practical issues affecting trial expediency, and the interest in resolving localized controversies at home. *Nutrition & Fitness*, 264 F. Supp. 2d at 362.

The plaintiff's choice of forum is generally given great weight, the plaintiff's residence and evidence are in this district, and the Court is aware of no impediment in this venue to a fair and speedy resolution of these claims. The remaining factors to be considered are either inapplicable or do not sufficiently outweigh those that favor proceeding in this forum. Thus, after due consideration, the Court, in the exercise of its sound discretion, denies the motion to stay or dismiss pursuant to the first-filed doctrine.

## CONCLUSION

For the foregoing reasons, defendant's motion to stay or alternatively dismiss without prejudice [DE 18] is DENIED. Discovery in this matter will close on May 28, 2018, and dispositive motions shall be filed not later than June 29, 2018.

SO ORDERED, this 27 day of April, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3